Case 1:23-cv-00119 Document 4 Filed on 08/16/23 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADAM SCOTT CRAPO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-119 |
| | § | |
| CITY OF BROWNSVILLE, *et al.*, | § | |
|     Respondents. | § | |

## **REPORT AND RECOMMENDATION AS TO HABEAS PETITION**

On August 14, 2023, Petitioner Adam Scott Crapo filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Crapo is a pretrial detainee being held on state charges of possession of paraphernalia and possession of marijuana. *Id*. Crapo alleges that he was arrested based on a false police report and has been held without counsel and without a court date being set. *Id*. He seeks immediate release from custody. *Id*.

While Crapo filed his petition under § 2254, he cannot seek relief via that statutory provision. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that § 2254 "applies only to post-trial situations" where a prisoner is being held pursuant to a judgment of conviction). Rather, Crapo's sole avenue to relief is a petition pursuant to 28 U.S.C. § 2241. *Id*.

It has "long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017). There is no indication in the record that Crapo has sought any remedies in state court. A pretrial detainee can file a petition for writ of habeas corpus in Texas state court to challenge the state's power to restrain him. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Crapo has apparently not availed himself of this avenue for potential relief.

Furthermore, to the extent that Crapo seeks to have this Court adjudicate the merits of his defense – that his arrest was based on a false police report – the Court cannot reach the merits of that defense. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489

1

(1973) (a pretrial detainee cannot use a federal habeas petition to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"). Indeed, "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *Daves v. Dallas Cnty., Texas*, 64 F.4th 616, 624 (5th Cir. 2023). Crapo has not demonstrated an irreparable injury that would require federal intervention.

It is **RECOMMENDED** that this petition be dismissed without prejudice to refiling to allow Crapo to exhaust his state remedies.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on August 16, 2023.

Karen Betancourt
United States Magistrate Judge